1837.

Boughton
v.
Philips.

---

BOUGHTON & MILLS, Executors, &c. *vs.* PHILIPS.

Executors are liable for the costs of a bill of discovery filed by them in aid of their defence to a suit at law, where it appears from the defendant's answer that there was no fact within his knowledge which could in any way aid them in such defence.

The payee of a note, who has made the usual affidavit of the justice of his demand against the estate of the maker, is not bound to give the personal representatives of such maker a statement of the several items which formed the consideration of the note.

March 7.

THIS was an application to dissolve an injunction, and for costs, upon the coming in of the defendant's answer to a bill of discovery in aid of a defence at law. The defendant had sued the complainants as executors, upon a note given by their testator, which note the bill charged to have been given without consideration. The complainants caused a notice to be served on the attorney for the defendant, requiring him to furnish them with a written statement, signed by the defendant, setting forth the time when and in whose presence the note was given, and the items forming the original consideration of the note. And they gave the defendant notice that unless such statement was furnished by a particular day, a bill of discovery would be filed. The defendant in his answer denied the whole equity of the bill; and showed a full and valid consideration for the note. He also showed that before the commencement of the suit at law, he presented the note to the complainants, with his own affidavit, of the genuineness of the note and of the justness of his demand, that the whole amount of the note and interest was justly due to him thereon, that no payments had been made, and that no offset existed against the note, to his knowledge ; and that he also furnished the affidavits of

two other persons proving the genuineness of the testator's signature. The defendant also stated in his answer that, before the commencement of the suit on the note, he went with the complainants to the office of their attorney and then, in their presence, stated to the attorney the general nature of the consideration of the note, as near as he could recollect the same, and told the complainant Boughton that if he would come to his house he would show him the account on his book and satisfy him of every item ; which Boughton promised to do, but neglected to come. Upon the motion, the complainants offered affidavits to contradict some part of the defendants answer.

*D. Gardner*, for the complainants. This court will not allow costs where a suit has been commenced within one year after the death of the debtor. (*Butts and another* v. *Genung et al.* 5 *Paige's Rep.* 254. *Hawley* v. *James, id.* 318.) Where a bill contains no prayer for relief, if the word *decree* is erroneously inserted in the prayer for subpœna it will be considered merely a bill of discovery. (*Schroeppell* v. *Redfield,* 5 *Paige's Rep.* 245.) In this case the information was called for before the filing the bill and the information was refused, or given in such a vague manner and in such general terms as not to answer the inquiry in any respect. Even if the complainant has failed in making any discovery under the circumstances, this court will not give the defendant costs. (*Cudny* v. *Early,* 4 *Paige's Rep.* 209. *King* v. *Clark,* 3 *id.* 76. *Weymouth* v. *Boyer,* 1 *Ves. jun.* 416. *Burnet* v. *Saunders,* 4 *John. Ch. Rep.* 503.) Executors acting in good faith are not to be charged with costs, and especially where the opposite party has occasioned the expense.

*G. R. Davis*, for the defendant. This is a fishing bill within the case of *Newkirk and wife, executors, &c. of Schuyler* v. *Willet,* (2 *John. Cas.* 413. 2 *Caines' Cas. in Err.* 296, *S. C.*) The defendant having fully answered the bill, he is entitled to a dissolution of the injunction of course; and all the facts charged in the bill being denied by the answer, the com-

1837.

Boughton
v.
Philips.

plainants are liable for costs. (*King* v. *Clark*, 3 *Paige*, 76.) This suit being brought by the complainants not to enforce a claim of the testator but merely to aid their defence at law, their representative character cannot in case of failure excuse them from the payment of costs. (*Manny, adm'r, &c. v. Phillips*, 1 *Paige's Rep.* 472. 2 *John. Ch. Rep.* 274.) A bill of discovery must be for matters which lie only within the defendant's knowledge, and it must be so alleged. (2 *Marsh.* 323. *Mitford's Pl.* 246.)

THE CHANCELLOR. There is nothing in this case to take it out of the general rule that the complainant must pay costs upon a bill of discovery, where the equity of the bill is fully denied. Even where an available discovery is made in the answer, the complainants pay costs unless the defendant has unreasonably refused to disclose facts which were necessary to the defence at law. In this case the only material allegation in the bill is, that the note was given without consideration. And although one of the complainants had sworn that this charge was true of his own knowledge, it is evident from the whole case that he must have misunderstood the oath he was taking, and that he only meant to say he believed or had a suspicion that there was a want of consideration for the note. It was clearly therefore a fishing bill, for the purpose of seeing if they could not draw out something from the defendant which might aid them in a defence to a suit on the note. As there was no fact in the knowledge of the defendant which could aid the complainants in their defence, he was under no legal obligation to tell them what were the items of the consideration for which the note was given. Were it admissible to read affidavits in opposition to an answer in such a case, therefore, the defendants claim for costs would not be altered by the affidavits now produced. The defendant's own affidavit of the justice of his claim, which had been previously furnished, was all that the complainants could reasonably require. This bill of discovery, under the circumstances, was not only unnecessary but vexatious. The injunction must be dissolved; and the complainants must pay the defendant's costs, to be taxed.